**Wei Yong NI, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 03–40405–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

Gang Zhou, New York, New York, for Petitioner.

Paul M. Warner, United States Attorney for the District of Utah, Karin M. Fojtik, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

Present: WALKER, Chief Judge, WINTER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for is DENIED.

Wei Yong Ni, through counsel, petitions for review of a Board of Immigration Appeals ("BIA") opinion affirming an Immigration Judge's ("IJ") denial of Ni's application for asylum and withholding of removal. We assume the parties' familiarity with the underlying procedural history and facts.

If the BIA issues an opinion, we review only that opinion, except that if the BIA issues a short decision that primarily adopts and affirms the IJ's opinion, we review the IJ's opinion and the BIA's opinion together. *Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005) (When the BIA "adopts the decision of the IJ and ... supplements the IJ's decision ... we review the decision of the IJ as supplemented by the BIA."). We review factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ In her oral opinion, the IJ found it credible that Ni was gay, and that he did not mention his sexual orientation in his asylum application in 1992, or in his interview with an asylum officer in 1997, because he was reluctant to disclose such information to the U.S. government. However, she also found it incredible that Ni would omit from his 2000 supplemental statement that he was detained and beaten by government officers and mistreated by the dean of his school for being gay. Additionally, the IJ relied on the fact that Ni had failed to obtain available corroboration on his story from his brother and father. We conclude that the IJ's finding as to Ni's credibility was supported by substantial evidence.

■ The IJ also correctly concluded that the country condition reports supplied by Ni alone were insufficient to establish a well-founded fear of persecution or a clear probability of torture. Quoting from the State Department Profile, the BIA made the additional finding that the report is damaging to Ni's claim in that it suggests that the government of China was becoming "somewhat more tolerant" of gay men than in the past. Other than the Profile, Ni points only to reports or documents that are almost a decade old to support his claim. Additionally, of course, none of the evidence is specific as to him. The IJ acted reasonably in concluding that the documents alone were too inconclusive to warrant a grant of relief.

For the foregoing reasons, Ni's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).